## Case No. 12,550.

### SCOTT v. The YOUNG AMERICA.

[Newb. 107.] [1]

District Court, D. Michigan. 1856.

PRACTICE IN ADMIRALTY — DEFAULT — MOTION TO VACATE—WHAT MUST BE SHOWN— AFFIDAVIT—COLLISION.

1. A rule of practice established by virtue of an act of congress, has the force of a statute.

2. Upon a motion to vacate an order pro confesso, and for leave to answer, the respondent must satisfactorily account for his laches, and exhibit by answer or affidavit, a meritorious defence.

3. Where the respondent is a foreign transportation company, and the respondent's agent and proctor residing in the district where the libel is filed, were not apprised of the facts upon which to base an answer until some months after the libel was filed, a motion to dismiss the libel for want of jurisdiction, having in the meantime been pending, held, a satisfactory excuse for the respondent's laches.

4. An affidavit read with a view of showing a meritorious defence, upon a motion to set aside default and for leave to answer, in a case of collision, which does not deny the collision, and states the opinion of the affiant, that the collision was not occasioned by the negligent conduct of the master and officers of the vessel libeled, but was the result of unavoidable accident, without setting out the facts upon which the opinion is based, held insufficient.

This was a case of collision. [The libel was filed by Dwight Scott, owner of the schooner Constitution, against the propeller Young America.] A motion was made in the case to vacate an order taking the libel as confessed, and for leave to answer, based upon the sole ground that the alleged collision, as appeared from the libel, occurred upon waters beyond the jurisdiction of the court. The facts relied upon in support of this motion, and the opinion of the court thereupon, are reported [Case No. 12,549]. The court having decided to retain jurisdiction, the motion was renewed upon affidavits, which, it was contended, presented and made out a case of meritorious defence. The affidavits read were

[1] [Reported by John S. Newberry, Esq.]

those of Jacob Howard, one of the claimant's proctors, and Lewis W. Bancroft, master of the propeller. Mr. Howard's affidavit, after setting out the facts which had delayed the preparation of an answer, states that "from the statements he (the affiant) has received from Bancroft (the master), he believes the libelant has no just and valid claim for damages in this case; or if he has, the amount thereof will be materially reduced by the evidence which the owners of the Young America will be able to produce on the trial." Captain Bancroft, in his affidavit, alleges "that at the time of the collision, he was on board the propeller; that he was standing on the top of the pilot-house of the propeller, from which he could see, and did see all that took place respecting said collision: that the same was not occasioned by the careless, negligent, unskillful or improper management of said propeller, of this affiant, or of the crew thereof; but that the same occurred by unavoidable accident: that immediately after the same occurred, he went on board the Constitution (the vessel collided with), and examined the injury done to her by said collision, and is confident that the amount of damage to her occasioned thereby, could not, and did not, exceed fifty dollars: that the Constitution was by no means cut down to the water's edge, as stated in the libel, but that all the damage done to her consisted in the breaking off of only about three feet of her taffrail, and bruising her counter, which was occasioned by the stem of the propeller coming in contact with the stern of the Constitution, and that the schooner was hit by no other part of the propeller, except by her stem."

Howard & Mandell, in support of the motion, relied upon and cited the 29th rule of the rules of practice in admiralty cases, prescribed by the supreme court of the United States, which is as follows: "If the defendant shall omit or refuse to make due answer to the libel upon the return day of the process, or other day assigned by the court, the court shall pronounce him to be in contumacy and default; and thereupon the libel shall be adjudged to be taken pro confesso against him, and the court shall proceed to hear the cause ex parte, and adjudge therein as to law and justice shall appertain. But the court may, in its discretion, set aside the default, and upon the application of the defendant, admit him to make answer to the libel at any time before the final hearing and decree, and upon his payment of all the costs of the suit, up to the time of granting leave therefor." It was contended that the affidavits of Mr. Howard and Capt. Bancroft presented a case properly calling for the exercise of the discretion given to the court by the latter part of this rule.

Lockwood & Clark, contra.

WILKINS, District Judge. The application is made to the court to set aside and vacate the order of pro confesso obtained in this case, under the 29th rule of practice, on the instance side of the district court. This rule has the force of a statute, having been established for the government of the court by the act of congress of August, 1842. There having been no final hearing and decree, it is within the discretion of the court to set aside the default, treating it as a mere order, which may be vacated on a sufficient showing by the defendant, and "upon the payment of all costs of the suit, up to the time of opening the default." The language of the rule is unequivocal and absolute, and must control the action of the court. All costs must be paid, if the discretion of the court is exercised in granting the request of the respondent.

The sufficiency of the showing embraces two considerations essential to the vacation of the order and granting leave to answer. 1st. The respondent must satisfactorily account for his laches: and 2d, exhibit, either by answer or affidavit, a meritorious defence. The libel was filed on the 29th of September, 1855. The vessel was attached on the 11th of October following, and default entered in November. A motion was made to set aside the default on the 12th of November, on the exhibition of an answer, professing ignorance in regard to the facts of the collision, and specially setting forth a plea to the jurisdiction of the court. It is proper to state, in this relation, that at a session of the court, on the first week of November, the respondent, on making his motion to vacate the order pro confesso, informed the court that the design was simply to raise the question of jurisdiction, and by the direction of the court, presented the answer as a basis for his motion, which the court ordered on file. The court will not, therefore, under these circumstances, consider the present motion as coming within the ruling by Lord Kenyon, in Greatheard v. Bromley, 7 Term R. 455.

The original motion stood unargued until the 4th of February, 1856, neither party pressing its decision; and on the first day of the March term, was denied by the court. Mr. Howard, in his affidavit, states "that he was employed as counsel in October, but was not placed in possession of the facts of the collision, so as to prepare the answer, until the first week in March; and then, for the first time, they were communicated to him by Captain Bancroft, who commanded the propeller at the time of the collision." These circumstances, with the further fact that the respondent was a foreign transportation company, whose agent here was not apprised of the facts attending the alleged collision until March, satisfactorily accounts for the laches. In an instance court, the time in which the first motion was held, under the mutual amicable understanding of counsel, seems too protracted, but the delay is sufficiently explained. But the affidavit of Bancroft, on which the court must rely, does not disclose a meritorious defence.

The libel charges a collision, and damages consequent. The collision is not denied, but fully conceded by the affiant, who states that "the stem of the propeller collided with the stern of the schooner, breaking her taffrail and bruising her counter." The opinion of the affiant, that this collision was not occasioned by the negligent conduct of the captain and his crew, and was an unavoidable accident, is not the assertion of a fact on which an indictment for perjury could be predicated. The affidavit is more specific as to the damages sustained—averring that they did not exceed $50—but, as to this question, it can be settled under the 44th rule of the court, with as much accuracy, and on proofs by both parties; and the ends of justice as certainly attained, as if the court should now open the default, and permit an answer according to the affidavit of Bancroft, to be filed. The report of the commissioner, when confirmed by the court, will constitute the decree. Motion denied.